# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * *
BRYAN KITT,                        *
                                   *   No. 17-1483V
            Petitioner,            *   Special Master Christian J. Moran
                                   *
v.                                 *   Filed: June 30, 2022
                                   *
SECRETARY OF HEALTH                *   Attorneys' Fees and Costs
AND HUMAN SERVICES,                *
                                   *
            Respondent.            *
* * * * * * * * * * * * * * * * * * * * *
```

Edward Kraus, Kraus Law Group, LLC, Chicago, IL, for Petitioner;
Claudia B. Gangi, United States Dep't of Justice, Washington, DC, for
Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Bryan Kitt's motion for final
attorneys' fees and costs. He is awarded **$40,868.03**.

\* \* \*

On October 10, 2017, petitioner filed for compensation under the Nation
Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34.

---

[1] Because this published decision contains a reasoned explanation for the action in this
case, the undersigned is required to post it on the United States Court of Federal Claims' website
in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal
Management and Promotion of Electronic Government Services). This posting means the
decision will be available to anyone with access to the internet. In accordance with Vaccine Rule
18(b), the parties have 14 days to identify and move to redact medical or other information, the
disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the
undersigned agrees that the identified material fits within this definition, the undersigned will
redact such material from public access.

Petitioner alleged that the influenza vaccine he received on or about October 30, 2014, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused him to suffer brachial neuritis and spinal accessory neuropathy, and/or in the alternative, he sustained a shoulder injury related to vaccine administration. On April 6, 2021, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on April 7, 2021. 2021 WL 1667231.

On June 15, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $37,385.50 and attorneys' costs of $4,632.53 for a total request of $42,018.03. Fees App. at 1. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs related to the prosecution of his case. Id. On April 17, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*       \*       \*

In this case, because petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

2

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See <u>McIntosh v. Sec'y of Health & Human Servs.</u>, 139 Fed. Cl. 238 (2018)

A.    <u>Reasonable Hourly Rates</u>

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  <u>Avera</u>, 515 F.3d at 1349. There is, however, an exception (the so-called <u>Davis County</u> exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  <u>Id.</u> at 1349 (citing <u>Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency</u>, 169 F.3d 755, 758 (D.C. Cir. 1999)).

 Petitioner requests the following hourly rates for the work of his counsel: for Mr. Ed Kraus, $375.00 per hour for work performed in 2015, $389.00 per hour for work performed in 2016, $398.00 per hour for work performed in 2017, $409.00 per hour for work performed in 2018, $418.00 per hour for work performed in 2019, $435.00 per hour for work performed in 2020, and $458.00 per hour for work performed in 2021; and for Ms. Amy Kraus, $318.00 per hour for work performed in 2017, $327.00 per hour for work performed in 2018, $334.00 per hour for work performed in 2019, $365.00 per hour for work performed in 2020, and $384.00 per hour for work performed in 2021. These rates are consistent with what counsel has previously been awarded for their Vaccine Program work and shall be awarded herein. <u>See, e.g.</u>, <u>Eamick v. Sec'y of Health & Human Servs.</u>, No. 15-519V, 2020 WL 2467081, at *2 (Fed. Cl. Spec. Mstr. Apr. 10, 2020).

B.    <u>Reasonable Number of Hours</u>

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See <u>Saxton v. Sec'y of Health & Human Servs.</u>, 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing records and, on the whole, the billed hours are reasonable. The only issue is that Mr. and Ms. Kraus have billed time for clerical tasks such as filing documents (albeit at reduced paralegal rates). Filing documents is a clerical task for which attorneys should not charge. <u>See</u> <u>Guerrero v Sec'y of Health & Human Servs.</u>, No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), <u>mot. for rev.</u>

den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016). A rough estimate of this time is $350.00. Petitioner is therefore awarded final attorneys' fees of $37,035.50.

C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $4,632.53 in attorneys' costs. This amount is for acquisition of medical records and literature, the Court's filing fee, postage, and work performed by petitioner's medical expert, Dr. Syed Ahmed, a neurologist. Fees App. at 25. Dr. Ahmed billed a total of 8.0 hours at a rate of $500.00 per hour to review medical records and literature and prepare two brief expert reports. Dr. Ahmed is board certified in neurology and currently is a private practitioner as a general neurologist and sleep specialist. This appears to be Dr. Ahmed's first time performing expert work in the Vaccine Program – the undersigned was not able to find any instances of his prior program work and petitioner has not noted any such instances.

Petitioner has offered no argument supporting that $500.00 per hour is a reasonable hourly rate for Dr. Ahmed's work. See Guidelines, Section X. Chapter 2.D. ("The application for payment of experts' fees and costs must contain the same supporting documentation that is required for attorneys' fees and costs.") Although the work of neurologists who are well-known in the Vaccine Program has been compensated at $500.00 per hour, many neurologists have frequently been awarded less. See Abbott v. Sec'y of Health & Human Servs., No. 14-907V, 2020 WL 8766524 (Fed. Cl. Spec. Mstr. Dec. 4, 2020) (noting instances of neurologists being compensated at $400.00 per hour). Based upon the undersigned's review of Dr. Ahmed's work product, his overall credentials, and his lack of demonstrated Vaccine Program experience, $400.00 is an appropriate hourly rate for Dr. Ahmed's work in the instant case. Therefore, an appropriate amount for Dr. Ahmed's work is $3,200.00.

The remainder of the costs have been supported by the necessary documentation and are reasonable in the undersigned's experience. Petitioner is therefore awarded final costs of $3,832.53.

D.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$40,868.03** (representing $37,035.50 in attorneys' fees and $3,832.53 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and Mr. Ed Kraus.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.